# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40595
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 23, 2016

Lyle W. Cayce
Clerk

PHILLIP DAVID HASKETT,

Plaintiff-Appellant

v.

CONTINENTAL LAND RESOURCES, L.L.C.; WESTERN LAND SERVICES, INCORPORATED; PURPLE LAND MANAGEMENT CORPORATION,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:14-CV-281

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Phillip David Haskett challenges the district court's dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), of his Age Discrimination in Employment Act (ADEA) suit for failure to state a claim upon which relief may be granted.  Haskett argues that the district court erred in dismissing his complaint after incorrectly concluding that he had not alleged a prima facie

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

age discrimination claim.  In addition, Haskett argues that the district court abused its discretion by denying him leave to amend his complaint a second time.

Haskett does not challenge the dismissal of defendant Western Land Services, Inc. (WLS) for lack of personal jurisdiction and has, thus, abandoned any claims against the company.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (stating that failure to identify an error in the district court's analysis is the same as if no appeal were filed).  Haskett also fails to object to the district court's conclusions that (1) it did not have jurisdiction to consider his claim for a declaratory judgment and (2) regarding nine unknown clients of the defendants, Haskett had failed to state a claim under the theory of respondeat superior.  Therefore, Haskett has, likewise, abandoned any challenge to the district court's denial of his requests for a declaratory judgment and for relief under the theory of respondeat superior.  *See id.*

We review de novo a dismissal under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013).  To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  The familiar *McDonnell Douglas* standard for evaluating employment discrimination claims is an evidentiary framework, not a pleading standard.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  A plaintiff thus need not allege the prima facie case of that evidentiary framework to survive a Rule 12 motion to dismiss.  *Id.; Flores v. Select Energy Srvcs., L.L.C.*, 486 Fed. App'x. 429, 432 (5th Cir. 2012).  Allegations related to that prima facie

No. 15-40595

inquiry may nonetheless be helpful in satisfying the general *Iqbal* plausibility standard. *Leal*, 731 F.3d at 413; *Flores*, 486 Fed. App'x. at 432.

Haskett's complaint alleged the following facts that would state a prima facie case of age discrimination: (1) he belonged to a protected class, (2) he applied for employee positions seeking applicants and was actually qualified for the jobs, (3) his applications were rejected, and (4) after rejecting him, defendants Continental Land Resources, L.L.C. (CLR) and Purple Land Management Corporation (PLMC) hired other applicants who were not in the protected class. *See Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680-81 (5th Cir. 2001) (involving a failure to promote claim); 29 U.S.C. § 631(a). The order dismissing the ADEA claim found deficiencies in the complaint's failures to identify the specific jobs for which Haskett applied or to allege that younger applicants were hired. As to the former, however, Haskett did provide details about the time period when he applied for jobs (started in November 12) and how he applied (through postings on Landmen.net). As to the latter, even though Haskett did not specifically allege that those hired were younger than 40, he did state the defendants were trying to replace its existing workforce with younger, inexperienced employees who could be "easily manipulated." To be sure, Haskett's complaint contains few details. But given the liberal construction afforded *pro se* pleadings, the facts provided are sufficient to state a plausible ADEA claim and survive a Rule 12(b)(6) motion to dismiss. *See Leal*, 731 F.3d at 413-16; *Haskett v. T.S. Dudley Land Co.,* No. 14-41459, 2016 WL 2961790 (5th Cir. May 20, 2016) (reversing dismissal of similar complaint filed by same defendant against different company). Accordingly, the district court erred in dismissing Haskett's suit against CLR and PLMC for failure to state a claim upon which relief may be granted. *See id.* at 416.

3

No. 15-40595

We review the denial of leave to amend a complaint for abuse of discretion. *Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). Haskett has not demonstrated that the district court abused its discretion because he acknowledges that any changes to his already amended complaint would have been minor and fails to note any *material* facts he would have included in the amendments. *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).

We VACATE the dismissal of Haskett's suit against CLR and PLMC, AFFIRM the dismissal of his claims against WLS, his requests for a declaratory judgment, and request for relief under the theory of respondeat superior, and REMAND for further proceedings.