# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-31034

United States Court of Appeals
Fifth Circuit

**FILED**

August 24, 2017

Lyle W. Cayce
Clerk

BODY BY COOK, INCORPORATED; ROBERT COOK,

Plaintiffs - Appellants

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE; ALLSTATE INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; GEICO GENERAL INSURANCE COMPANY; PROGRESSIVE SECURITY INSURANCE COMPANY; TRAVELERS INSURANCE COMPANY; RAMONA LATIOLAIS, individually and as corporate representative for State Farm,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana

Before HIGGINBOTHAM, GRAVES, and HIGGINSON, Circuit Judges.
STEPHEN A. HIGGINSON, Circuit Judge:

Plaintiffs-Appellants—Body by Cook, Inc. and its owner, Robert Cook—filed a lawsuit in federal district court alleging various civil rights violations under 42 U.S.C. § 1981, § 1985, and Title VII, as well as several related state-law claims. Defendants-Appellees are several national insurance companies—State Farm Mutual Automobile Insurance, Allstate Insurance Co., Liberty Mutual Insurance Co., GEICO General Insurance Co., Progressive Security Insurance Co., and Travelers Insurance Co.—and a State Farm employee,

No. 16-31034

Ramona Latiolais. After twice allowing Plaintiffs to amend their complaint, the district court dismissed all of Plaintiffs' claims. Plaintiffs appealed, and we AFFIRM in part and REVERSE in part.

I

Body by Cook is an automotive repair shop located in Slidell, Louisiana. Robert Cook, an African American, is the sole owner of Body by Cook. According to Plaintiffs, for several years Body by Cook sought to become a referral repair shop—commonly known as a "Direct Repair Shop"—through the "Direct Repair Programs" allegedly operated by Defendants. Plaintiffs allege that, despite their qualifications, Body by Cook and Robert Cook have "been refused entry into the [Direct Repair Programs,] and lesser qualified or similarly situated, non-minority owned body shops have been granted access." Plaintiffs claim that Defendants discriminated against Body by Cook based on Robert Cook's race and conspired with one another to refuse Body by Cook access to their Direct Repair Programs. Additionally, Plaintiffs allege that Defendants retaliated against them by "virtually shutting Plaintiffs out from any customer business of Defendants' insureds."

Plaintiffs sued Defendants in the Eastern District of Louisiana on June 16, 2015. In their Second Amended Complaint (the "Complaint"), Plaintiffs brought seven claims: (1) 42 U.S.C. § 1981 discrimination against all Defendants; (2) § 1985 conspiracy against all Defendants; (3) § 1981 retaliation against all Defendants; (4) § 1981 retaliation against State Farm and Latiolais; (5) Title VII discrimination against State Farm; (6) Title VII retaliation against State Farm; and (7) Louisiana state law claims for negligent training and supervision against all corporate Defendants. Defendants filed motions to dismiss the Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The district court granted the motions as to the federal law claims and dismissed all the federal claims with prejudice. The

No. 16-31034

district court declined to exercise supplemental jurisdiction over the remaining state law claims and dismissed them without prejudice. Plaintiffs filed a timely notice of appeal.

II

We review de novo a district court's dismissal under Rule 12(b)(6). *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys,* 675 F.3d 849, 854 (5th Cir. 2012) (en banc). In doing so, we must accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff. *Id.* We need not, however, accept the plaintiff's legal conclusions as true. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. "Our task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Covington,* 675 F.3d at 854 (internal quotation marks and citation omitted).

III

Plaintiffs' primary argument on appeal is that the district court erred in dismissing Plaintiffs' claims notwithstanding the court's ruling that the Complaint satisfied Rule 8. Plaintiffs argue that Rule 12(b)(6) dismissal was inappropriate because the district court found that "[t]he minimum pleading requirements of Rule 8 [had] been satisfied in this case." Plaintiffs contend that a complaint that satisfies Rule 8 necessarily also satisfies the Rule 12(b)(6) plausibility standard articulated in *Twombly* and *Iqbal* because those decisions interpreted Rule 8. This argument miscomprehends the district court's analysis.

3

No. 16-31034

In their motions to dismiss, Defendants contended that the Complaint violated Rule 8 because it was composed of generalized, group allegations. Defendants argued that Plaintiffs' "group pleading" tactics failed to provide Defendants fair notice of the specific claims and allegations levied against each of them.

The district court rejected this argument, holding that the Complaint was sufficient to apprise each Defendant of the particular facts and claims alleged as to each Defendant. The district court noted that the Complaint contained factual subsections with allegations specific to each Defendant, as well as cause-of-action subsections that clearly identified the Defendant or Defendants against which that particular claim was asserted. However, the district court ultimately dismissed the Complaint under Rule 12(b)(6) because it found the pleading legally insufficient to state any of Plaintiffs' federal claims.

We have previously explained that a complaint may simultaneously satisfy Rule 8's technical requirements but fail to state a claim under Rule 12(b)(6). *See Bank of Abbeville & Tr. Co. v. Commonwealth Land Title Ins. Co.*, 201 F. App'x 988, 990 (5th Cir. 2006) (unpublished). "[M]ere compliance with Rule 8 does not itself immunize the complaint against a motion to dismiss." *Id.* "Rule 8(a)(2) specifies the conditions of the *formal* adequacy of a pleading," but "[i]t does not specify the conditions of its *substantive* adequacy, that is, its legal merit." *Id.* (internal quotation marks and citation omitted). Thus, in *Bank of Abbeville*, we held that the complaint satisfied Rule 8's formal requirements by pleading a short and plain statement of the claim, but that dismissal was nevertheless proper because the plaintiff "would not be entitled to relief under any set of facts or any possible theory that it could prove consistent with the complaint's allegations." *Id.*; *see also Haskett v. T.S. Dudley Land Co.*, 648 F. App'x 492, 496 n.15 (5th Cir. 2016) (unpublished).

4

The district court here concluded that the Complaint complied with Rule 8 because it "at the very least provide[d] . . . Defendants minimally adequate notice of Plaintiffs' claims in this matter and the bases therefor." That conclusion is consistent with the district court's ultimate dismissal of Plaintiffs' federal claims for failure to state a claim on which relief could be granted. *See Bank of Abbeville*, 201 F. App'x at 990. Plaintiffs' argument to the contrary is without merit.

IV

Plaintiffs argue that the district court erred in dismissing their federal claims under Rule 12(b)(6). We address each claim in turn.

*A. Section 1981 Discrimination Claims*

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts." 42 U.S.C. § 1981(a). "Make and enforce contracts" is defined as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." § 1981(b). To establish a § 1981 claim for contractual discrimination, Plaintiffs must allege that (1) they are members of a racial minority; (2) Defendants intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute—here, making a contract. *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997); *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994). The analysis of discrimination claims under § 1981 is identical to the analysis of Title VII claims. *Jones v. Robinson Prop. Grp. L.P.*, 427 F.3d 987, 992 (5th Cir. 2005).

Here, Plaintiffs adequately plead the first element of a § 1981 claim by alleging that Body by Cook is a "100% African American-owned body shop." Whether Plaintiffs successfully plead the second and third elements are closer

No. 16-31034

questions. We first examine whether Plaintiffs adequately allege discriminatory intent.

Although "naked allegation[s]" of discriminatory intent are too conclusory to survive a motion to dismiss, *see Albert v. Carovano*, 851 F.2d 561, 572 (2d Cir. 1988) (en banc), discriminatory motive may be—and commonly is—demonstrated by circumstantial evidence, *Bellows*, 118 F.3d at 274. An allegation that similarly situated non-minorities received better treatment "could create the necessary inference and set the predicate for establishing the section 1981 claim." *See Crosby v. Kilgore*, 9 F.3d 104, 1993 WL 481800, at *1 (5th Cir. 1993) (unpublished); *cf. Lindsay v. Yates*, 498 F.3d 434, 439–40 (6th Cir. 2007) (holding that plaintiffs-purchasers pleaded a § 1981 claim by alleging that (1) sellers advertised their house for sale; (2) plaintiffs signed a purchase agreement and made deposit; and (3) sellers terminated the contract three weeks after signing agreement and one day after agent learned buyers were black).[1]

---

[1] Although not a pleading standard, this court has looked to the "evidentiary framework" set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to determine whether a plaintiff pleads discriminatory intent. *Haskett v. Cont'l Land Res., L.L.C.*, 668 F. App'x 133, 134 (5th Cir. 2016) (unpublished); *cf. Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) (holding that "[t]he prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement"). Under *McDonnell Douglas*, Plaintiffs must demonstrate four elements to establish a prima facie case of racial discrimination at the summary judgment phase: (1) membership in a protected class; (2) that they sought and were qualified to receive an available contract; (3) that their contract proposal was rejected or that they received a contract on unfavorable terms; and (4) similarly-situated individuals or entities not in the protected class received a contract. *Jeffrey v. Columbia Med. Ctr. at Lancaster Subsidiary, LP*, 48 F. App'x 103, 2002 WL 31016499, at *5 (5th Cir. 2002) (unpublished); *see also Hall v. Cont'l Airlines, Inc.*, 252 F. App'x 650, 654 (5th Cir. 2007) (unpublished) (holding that the plaintiff failed to establish a prima facie case of racial discrimination under § 1981 at the summary judgment phase because "she presented no evidence that similarly situated individuals outside of her protected class were treated more favorably"). While Plaintiffs do not need to satisfy these four elements to successfully plead a § 1981 claim, *see, e.g.*, *Lindsay*, 498 F.3d at 439–40, the *McDonnell Douglas* framework demonstrates the types of factual allegations sufficient to support a plausible inference of discriminatory intent.

No. 16-31034

With respect to most Defendants, Plaintiffs make only generalized allegations regarding Defendants' alleged disparate treatment of Body by Cook versus non-minority-owned shops. These allegations are not specific enough to plead discriminatory intent. They fail to identify which Defendant discriminated or specific instances when Body by Cook was refused a contract but a similarly situated non-minority owned body shop was given a contract. *See Hall v. Cont'l Airlines, Inc.*, 252 F. App'x 650, 653–54 (5th Cir. 2007) (unpublished). Accordingly, as to most Defendants, Plaintiffs fail to plead discriminatory intent.

However, the Complaint contains more specific allegations regarding State Farm's discriminatory intent. Plaintiffs allege that a State Farm representative visited and inspected Body by Cook and found that it met all of State Farm's qualifications for being a Direct Repair Shop, but that State Farm declined to allow Body by Cook to participate in the Direct Repair Program.[2] Additionally, Plaintiffs allege that State Farm told Body by Cook that it was not admitting body shops into its Direct Repair Program but State Farm then admitted a non-minority-owned body shop with inferior equipment that did not meet State Farm's "qualifications." These allegations that similarly situated body shops were treated differently than Body by Cook and allowed into State Farm's Direct Repair Service program make plausible the inference that the difference in treatment was because of Body by Cook's minority-owned status. *See Haskett v. Cont'l Land Res., L.L.C.*, 668 F. App'x 133, 134 (5th Cir. 2016) (unpublished); *Jeffrey v. Columbia Med. Ctr. at Lancaster Subsidiary, LP*, 48 F. App'x 103, 2002 WL 31016499, at \*5 (5th Cir. 2002) (unpublished).[3]

---

[2] Plaintiffs also allege that they sent Defendants their "brochure/application," along with a cover letter that informed Defendants that Body by Cook is minority owned.

[3] Plaintiffs also make several specific allegations regarding Progressive; however, these allegations fall short. Plaintiffs allege that Progressive repeatedly refused to certify Body by Cook as a Direct Repair Shop, that Progressive was aware that Body by Cook was

No. 16-31034

In addition to discriminatory intent, Plaintiffs must also plead that State Farm's discrimination concerned one or more of the activities enumerated in the statute. *Bellows*, 118 F.3d at 274. "Any claim brought under § 1981 . . . must initially identify an impaired 'contractual relationship,' under which the plaintiff has rights," but "[s]uch a contractual relationship need not already exist, because § 1981 protects the would-be contractor along with those who already have made contracts." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) (internal citation omitted). Thus, because Body by Cook does not allege an existing contract, it must plead facts that plausibly demonstrate that State Farm's alleged discrimination concerned a prospective contract. *See Grambling Univ. Nat'l Alumni Ass'n v. Bd. of Supervisors*, 286 F. App'x 864, 869–70 (5th Cir. 2008) (unpublished).

The Complaint does not state a plausible claim that Defendants refused to contract with the individual Plaintiff, Robert Cook. The gravamen of the Complaint is that Defendants refused to certify Body by Cook as a Direct Repair Shop and allow Body by Cook to enter their Direct Repair Programs. Cook, the sole shareholder of Body by Cook, is thus not the proper party to contract with any of the Defendants and cannot bring a § 1981 claim. *See Bellows*, 118 F.3d at 276 (concluding that the individual plaintiff had no individual § 1981 claim against the defendant, because his claim was merely derivative of the company plaintiff's claim); *Searcy v. Hous. Lighting & Power Co.*, 907 F.2d 562, 565 (5th Cir. 1990) (holding that the plaintiff could not bring

---

minority-owned, and that during the same time period, Progressive sought out and approved non-minority-owned body shops to join the Direct Repair Program. Plaintiffs do not specifically plead, however, that Body by Cook was as qualified or more qualified than the non-minority body shops that Progressive sought out and approved for its Direct Repair Program. Plaintiffs have thus failed to plead discriminatory intent with respect to Progressive. *See Haskett*, 668 F. App'x at 134; *Jeffrey*, 2002 WL 31016499, at *5.

his individual § 1981 claim because the alleged discrimination would only impair the contractual rights of the corporation and not the rights of the plaintiff, the company's sole shareholder).

With respect to Body by Cook, the Complaint alleges that it "had contact with State Farm to become a [Direct Repair Shop]."[4] State Farm allegedly sent its Regional Director to inspect Body by Cook's shop and found that it "met all of State Farm's criteria, but [Body by Cook] was still denied." Further, Body by Cook alleges that, after inquiring with Latiolais (a State Farm employee) about why another, unqualified body shop was in the Direct Repair Program, Body by Cook "received a letter stating that Plaintiffs were declined as a [Direct Repair Shop]."

These factual allegations are sufficient to plead the third element of Body by Cook's § 1981 claim against State Farm. Although not finely detailed, these allegations create the plausible inference that Body by Cook attempted to enter a contractual relationship with State Farm to become a Direct Repair Shop and receive referrals from State Farm's customers. *Cf. Grambling*, 286 F. App'x at 870 (affirming district court's dismissal of § 1981 contract discrimination claim when complaint alleged no facts about any sort of relationship, let alone a contractual relationship, between the plaintiff alumni association and the defendant university).[5]

---

[4] As noted before, Plaintiffs also allege that "Body by Cook sent Defendants its brochure/application, along with a cover letter, asking to apply and become a part of their [Direct Repair Programs]."

[5] Citing *Grambling*, the district court identified three purported sub-requirements plaintiffs must satisfy to plead the third element of a § 1981 discrimination claim. According to the district court, a plaintiff must (1) identify the content of the contract at issue, (2) identify the particular contractual rights that were allegedly modified by the defendant's actions, and (3) plead facts showing that the defendant's actions were motivated by discriminatory intent. In *Grambling*, a university alumni association brought a § 1981 claim against the university's supervisory boards, alleging that the boards' various acts and omissions violated the association's civil rights. *Grambling*, 286 F. App'x at 866. This court affirmed the district court's dismissal of the association's complaint, explaining that the

No. 16-31034

We conclude that the district court erred in dismissing Body by Cook's § 1981 contract claim against State Farm.[6] We agree with the district court's dismissal of Robert Cook's § 1981 claim against State Farm and Plaintiffs' § 1981 claims against all other Defendants.

*B. Section 1985(3) Conspiracy Claims*

Plaintiffs allege that Defendants "acted as co[-]conspirators and intentionally agreed and conspired with another body shop, Pike, to squeeze Plaintiffs out." Additionally, Plaintiffs claim that Defendants "agreed with each other to discriminate on the basis of race against 100% African American-owned body shops in connection with contracting, in violation of . . . 42 U.S.C. § 1985(3), resulting in an unfair lack of representation by African American-owned body shops in [Direct Repair Programs]."

Section 1985(3) prohibits conspiracies to deprive any person equal protection of the laws. 42 U.S.C. § 1985(3); *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010). "To state a claim under § 1985(3), a plaintiff must allege facts demonstrating (1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or a deprivation of any right or privilege of a citizen of the United States." *Lockett*,

---

complaint "wholly fail[ed] to state the basic elements of a section § 1981 claim." *Id.* at 870. The "closest" the association came to stating a viable § 1981 claim was its allegation that the boards "replac[ed] the [association] with the Grambling Black & Gold Foundation, Inc. in connection with the Bayou Classic." *Id.* Provided with only the vague allegation that the association was "replaced," this court concluded that the complaint failed to identify the content of the contract or any impaired contractual rights, and also failed to explain how the decision to "replace" the association was racially motivated. *Id.* We do not read *Grambling* to create concrete sub-requirements for pleading the third element of a § 1981 claim. Rather, the opinion merely identifies specific deficiencies in the association's complaint. *Id.*

[6] After dismissing all of Plaintiffs' federal claims, the district court declined to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims for negligent training or supervision. Because we reverse the district court's dismissal of Body by Cook's § 1981 claim against State Farm, we also reverse the district court's dismissal of the state law claims, and remand those claims for consideration on the merits.

607 F.3d at 1002 (citing *Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994)). Importantly, the plaintiff must allege facts that suggest an agreement among the alleged co-conspirators. *See Green*, 27 F.3d at 1089.

Plaintiffs fail to plead facts suggesting an agreement between any of Defendants. The only alleged connection between Defendants is that "Defendants' Motions are obviously the same work product with the same legal arguments and cases, [which] leads Plaintiffs to believe that . . . Defendants have conspired and continue to conspire against Plaintiffs." These allegations are insufficient to demonstrate an agreement to deprive Plaintiffs of the equal protection of the laws. *See id; see also Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987) (explaining that "[m]ere conclusory allegations are insufficient" to state a claim under § 1985 and that plaintiffs "must plead the operative facts upon which their claim is based"). Accordingly, the district court did not err in dismissing Plaintiffs' § 1985(3) conspiracy claims.

*C. Section 1981 Retaliation Claims*

Plaintiffs claim that Defendants retaliated against them for filing this lawsuit and for "complaining about not being allowed to become a [Direct Repair Shop] in their [Direct Repair Programs]." Plaintiffs allege that because they have had "significantly less work from customers who are also insureds of . . . Defendants," and because Defendants' briefing in this litigation has been similar, Plaintiffs "believe that . . . Defendants have conspired and continue to conspire . . . to retaliat[e] against Plaintiffs by virtually shutting Plaintiffs out from any customer business of Defendants insureds" and "believe . . . Defendants are trying to put Plaintiffs out of business (retaliating)."

Plaintiffs also claim that State Farm and Ramona Latiolais retaliated against them after they complained to State Farm about racial discrimination and filed a complaint with the EEOC. Specifically, Plaintiffs allege that Latiolais, a team manager at State Farm, had unilateral control over certifying

a Direct Repair Shop and said that "she did not want Plaintiffs." Plaintiffs allege that her refusal to certify the Plaintiffs was "causally connected to the Plaintiffs complaining about racial discrimination against them and the denial to the [Direct Repair Program]."

The elements of a § 1981 retaliation claim are (1) that the plaintiff engaged in activities protected by § 1981; (2) that an adverse action followed; and (3) a causal connection between the protected activities and the adverse action. *See Foley v. Univ. of Hous. Sys.*, 355 F.3d 333, 339, 340 n.8 (5th Cir. 2003). Even assuming that Plaintiffs plead the first two elements, Plaintiffs fail to allege facts sufficient to demonstrate a causal connection between their alleged protected activities (complaining to Defendants, the EEOC action, and filing this lawsuit) and Defendants' alleged adverse actions (refusals to contract with Plaintiffs). *See Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013). To the contrary, the Complaint alleges that Defendants refused to contract with Plaintiffs both before and after Plaintiffs complained about racial discrimination, which suggests that Plaintiffs' complaints and this lawsuit did not cause Defendants to deny Body by Cook entry into their Direct Service Programs. Plaintiffs' conclusory beliefs that Defendants "are trying to put Plaintiffs out of business" and are "virtually shutting Plaintiffs out from any customer business of Defendants' insureds" in retaliation for Plaintiffs filing a lawsuit and complaining about racial discrimination are inadequate to demonstrate a causal connection. *See Eberle v. Gonzales*, 240 F. App'x 622, 629 (5th Cir. 2007) (unpublished) (holding that the plaintiff's subjective belief that he was retaliated against, without more, was insufficient to establish a prima facie case of retaliation). Likewise, Plaintiffs do not allege any facts suggesting that State Farm and Latiolais refused to approve Body by Cook as a Direct Repair Shop because Plaintiffs complained about racial discrimination and filed an EEOC complaint. Plaintiffs' conclusory assertion that the denial was

causally connected to the Plaintiffs' complaints is insufficient. *See Leal*, 731 F.3d at 417; *Eberle*, 240 F. App'x at 629.

### D. Title VII Discrimination and Retaliation Claims

Robert Cook also claims that State Farm discriminated and retaliated against him individually in violation of Title VII. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, "provides remedies to employees for injuries related to discriminatory conduct and associated wrongs by employers." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2522 (2013). To maintain a claim under Title VII, the plaintiff must demonstrate an "employment relationship" between the plaintiff and the defendant. *See Deal v. State Farm Cty. Mut. Ins. Co.*, 5 F.3d 117, 118–19 (5th Cir. 1993). However, "Title VII's prohibitions against discriminatory employment practices do not apply only to an existing employment relationship but also to prospective employment relationships that do not eventuate because of the discriminatory conduct—as where an *applicant* for employment is denied employment for a prohibited discriminatory reason." *Simmons v. Lyons*, 746 F.2d 265, 270 (5th Cir. 1984).

Cook fails to allege facts sufficient to demonstrate the existence of a prospective employment relationship. The Complaint alleges that State Farm refused to certify Body by Cook as a Direct Repair Shop and contract with Body by Cook as part of State Farm's Direct Repair Program. Nowhere in the Complaint, however, are there any allegations that Cook sought to work as an employee of State Farm, or that individuals could become Direct Repair Shops or enter the Direct Repair Programs. Further, Cook fails to plead facts suggesting that he would enter an employment relationship with State Farm if State Farm had contracted with Body by Cook through its Direct Repair Program. Accordingly, the district court did not err in dismissing both of Cook's

Title VII claims. *See Travis v. City of Grand Prairie*, 654 F. App'x 161, 166 (5th Cir. 2016) (unpublished).

## V

In their opposition to Defendants' motions to dismiss, Plaintiffs requested an opportunity to file a third amended complaint if the district court granted the motions. We review the district court's denial of this request for abuse of discretion. *See McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 312 (5th Cir. 2002). Although Rule 15(a) requires the district court to grant leave to amend freely, "[l]eave to amend is in no way automatic." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). "The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of the amendment.'" *Id.* (quoting *Jones*, 427 F.3d at 994). Where justification for a denial is "readily apparent," a district court's failure to explain its denial is not fatal to affirmance. *Id.* (quoting *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 426 (5th Cir. 2004)).

Here, the district court allowed Plaintiffs to amend their complaint twice. The district court did not abuse its discretion by refusing Plaintiffs another opportunity to plead their case and dismissing Plaintiffs' federal claims with prejudice.

## VI

For the foregoing reasons, we REVERSE the district court's dismissal of Body by Cook's § 1981 discrimination claim against State Farm, and we also REVERSE the district court's dismissal of Plaintiffs' state law claims. We REMAND those claims to the district court for further proceedings consistent with this opinion. We AFFIRM the district court's dismissal of all other claims.