# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30258
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2019

Lyle W. Cayce
Clerk

JACINTA R. WALKER,

      Plaintiff - Appellant

v.

CONCORDIA CAPITAL, doing business as Concordia Bank & Trust
Company,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:18-CV-703

Before BENAVIDES, GRAVES, and HO, Circuit Judges.

PER CURIAM:*

In this employment discrimination case, Plaintiff-Appellant Jacinta Walker ("Walker") appeals the district court's judgment granting the Defendant-Appellee Concordia Capital's ("Concordia") motion to dismiss her complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We affirm for the following reasons.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30258

Walker's principal argument is that she pleaded sufficient facts in the complaint to put Concordia on notice under Rule 8(a)(2). FED. R. CIV. P. 8(a)(2). Walker argues that because she satisfied Rule 8, her complaint should not be dismissed for failure to state a claim. This Court has "previously explained that a complaint may simultaneously satisfy Rule 8's technical requirements but fail to state a claim under Rule 12(b)(6). *Body by Cook, Inc., v. State Farm Mut. Auto.*, 869 F.3d 381, 385 (5th Cir. 2017). Thus, this argument affords her no relief.[1]

We affirm the district court's dismissal of her failure-to-promote claim because she failed to plead any specific facts about how the other person was less qualified and she failed to identify the person who received the promotion. We must conclude that Walker's claim does not have facial plausibility because the factual content does not allow us to draw the inference that Concordia is liable for a failure-to-promote claim. *Cf. Body by Cook*, *Inc.,* 869 F.3d at 385–87 (explaining that the plaintiffs' failure to identify which defendant discriminated against them constituted a failure to plead discriminatory intent).[2]

We affirm the dismissal of the pay discrimination claim because although Walker alleges that she was paid less than a non-member, she does not allege any facts indicating the difference in compensation. She fails to plead with sufficient facts that her circumstances were "nearly identical" to those of the better-paid, non-member employee. *See Taylor v. United Parcel*

---

[1] Walker relies on the district court's statement that "Walker's reference to herself as African American for claims of race and national origin discrimination is sufficient to put Concordia on notice of her national origin discrimination claim." As set forth above, a complaint can satisfy Rule 8(a)(2) but fail to state a claim under Rule 12(b)(6).

[2] The instant case is a Title VII case and the cited portion of *Body by Cook, Inc.,* 869 F.3d 381, involved a 42 U.S.C. § 1981 claim. However, the "analysis of discrimination claims under § 1981 is identical to the analysis of Title VII claims." *Body by Cook, Inc.,* 869 F.3d at 386.

No. 19-30258

*Serv., Inc.,* 554 F.3d 510, 523 (5th Cir. 2008). The allegations in her complaint allow us to infer only the mere possibility of misconduct, which does not survive a Rule 12(b)(6) motion to dismiss. This claim affords Walker no relief.[3]

Finally, Walker argues that the district court abused its discretion in denying her the opportunity for discovery. This Court has explained that discovery is not needed to dispose of a Rule 12(b)(6) motion because those motions "are decided on the face of the complaint." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990), *opinion modified on denial of reh'g* (Apr. 27, 1990). Thus, this argument is without merit.[4]

For the above reasons, the district court's judgment is AFFIRMED.

---

[3] We agree with the district court that Walker did not allege a hostile work environment as a cause of action in her complaint. In any event, to the extent she attempted to raise such a claim, it suffers from the same conclusory allegations as her other discrimination claims.

[4] The district court held that Walker's discrimination and harassment claims based on race and/or national origin arising prior to May 1, 2016, were untimely. The court further held that the following claims had not been exhausted: (1) her claims for discrimination and harassment prior to October 28, 2016; and (2) her claims for retaliation and discriminatory denial of leave and medical benefits. Walker does not challenge these rulings in her brief, and therefore, those claims are abandoned. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (explaining that although this Court liberally construes a *pro se* party's brief, "arguments must be briefed to be preserved").