# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 19, 2022

Lyle W. Cayce
Clerk

No. 21-60764
Summary Calendar

Louis Gonzalez, *Individually and on behalf of all others similarly situated*, *Plaintiffs*, *also known as* Carlos Ramos Sanchez,

*Plaintiff—Appellant*,

*versus*

Warden Shawn R. Gillis; Unit Manager Joseph January, *In his individual and official capacity*; Unit Counselor Cynthia Pernell, *In her individual and official capacities*; Custody Officer Tatyana Lewis, *In her individual and official capacities*; Custody Officer Randy Woods, Jr., *In his individual and official capacities*; Jerome Brown; Kila Blanton; Vandriana Norman; Michael Wells,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:20-CV-158

Before Smith, Higginson, and Willett, *Circuit Judges*.

No. 21-60764

Per Curiam:*

Louis Gonzalez, immigration detainee # A209-413-252, has moved to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his complaint raising claims arising under 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and state law. The district court denied Gonzalez leave to proceed IFP on appeal and certified that the appeal was not taken in good faith. By moving in this court to proceed IFP, Gonzalez is challenging the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry is limited to whether the appeal "involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Regarding his claims arising under § 1983, Gonzalez has expressly abandoned any challenge to the district court's dismissal of them. Instead, Gonzalez first argues that the district court erred in finding that his request for injunctive relief was moot. Because he was transferred from the offending institution and cannot either show a demonstrated probability or a reasonable expectation that he would be transferred back there or show that he likely would be released and later detained there again, any claim for injunctive relief is moot. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002).

He also argues that the district court wrongly found that he could not raise an equal protection claim against the defendants in a *Bivens* suit because they work at a privately operated institution. Neither the Supreme Court nor any circuit yet has recognized a cause of action under *Bivens* against employees of privately run prisons or private entities acting under color of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

federal law, *Minneci v. Pollard*, 565 U.S. 118, 131 (2012); *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 63-64 (2001); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017), and Gonzalez has not given analysis that would justify a new *Bivens* remedy as to his immigration detention complaints.

Gonzalez further asserts that the district court erred in determining that he did not allege a conspiracy claim under 42 U.S.C. § 1985(3) based on the defendants' purported discriminatory conduct. However, he has offered no specific facts to support his assertion that there was a conspiracy to deprive him of his constitutional rights on account of his race. His conclusory allegations of an agreement do not state a plausible conspiracy claim. *See Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 389-90 (5th Cir. 2017).

Finally, Gonzalez contends that the district court erred in finding that he did not allege sufficient facts to state a claim under Mississippi law for the tort of intentional infliction of emotional distress. There is no indication that the actions alleged by Gonzalez evoke outrage or revulsion in civilized society and exceed all possible bounds of decency such that they are viewed as atrocious and entirely intolerable. *See White v. Walker*, 950 F.2d 972, 978 (5th Cir. 1991); *see also Tebo v. Tebo*, 550 F.3d 492, 497 (5th Cir. 2008).

Gonzalez does not raise a nonfrivolous issue for appeal, and his IFP motion is denied. *See Baugh*, 117 F.3d at 202. The appeal lacks arguable merit and is dismissed as frivolous. *See id.* at 202 n.24; *Howard*, 707 F.2d at 219-20; 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.