# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-50001
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2023

Lyle W. Cayce
Clerk

Kevin McBride,

*Plaintiff—Appellant*,

*versus*

Half Price Books, Records, Magazines, Incorporated,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CV-703

---

Before Willett, Duncan, and Douglas, *Circuit Judges.*

Per Curiam:[*]

Kevin McBride filed a pro se civil suit in which he alleged a claim of race-based discrimination under 42 U.S.C. § 1981. After the matter was removed from state court to the district court, the defendant moved to dismiss the suit for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion. McBride appeals that dismissal. We review the grant of a motion to dismiss under Rule

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50001

12(b)(6) de novo. *Romero v. City of Grapevine, Texas*, 888 F.3d 170, 176 (5th Cir. 2018).

To sustain a claim under § 1981, McBride must establish that: (1) he is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the actions listed in the statute, e.g., the making and enforcing of a contract. *See Morris v. Dillard Dep's Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001). He must prove the loss of an actual contract interest and not one that is speculative or prospective. *See id.* at 751-52.

McBride failed to plead sufficient facts to support that the defendant thwarted a tangible attempt to contract. *See Arguello v. Conoco, Inc.*, 330 F.3d 355, 358-59 (5th Cir. 2003); *Morris,* 277 F.3d at 752. He conceded that he arrived at the store outside of its normal business hours, knew that the store was closed, and decided to try to enter the store anyway to purchase an item. A store employee told McBride what he knew or suspected, i.e., the store was closed and that he could return the following day when the store was open. Because the store was closed, no transaction was proposed or possible under the circumstances; therefore, no actual contractual relationship existed when McBride was denied entry, and the defendant did not interfere with a tangible attempt to buy a specific item. *See Arguello*, 330 F.3d at 358-59; *Morris,* 277 F.3d at 752. While McBride alleged that a white woman was allowed to enter the store after he was denied entry and left with a bag in her hand, he did not present facts supporting that the store was open to the woman to initiate and complete a purchase but was not open to him for the same purpose. *See Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (noting that an allegation that a similarly situated non-minority was provided better treatment could support a § 1981 claim).

Thus, the judgment is AFFIRMED. McBride's motion for appointment of appellate counsel is DENIED because he has not demonstrated that this case presents exceptional circumstances. *See Cooper v. Sheriff, Lubbock Cty.*, 929 F.2d 1078, 1084 (5th Cir. 1991).