# United States Court of Appeals for the Fifth Circuit

No. 24-50253
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2025

Lyle W. Cayce
Clerk

Michael C. Smart,

*Plaintiff—Appellant*,

*versus*

EDCO Properties, Incorporated; Prime Mortgage, L.L.C.; Prime Escrow, L.L.C.; Cimarron Pointe Owner's Association, Incorporated; Does 1-50, *Inclusive*; RWE Family Trust, L.L.C.; Ramsey M. Esper, *an Individual*; Michael J. Zimprich,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:22-CV-23

_____

Before Dennis, Ho, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Michael C. Smart filled a pro se civil second amended complaint alleging that he had been retaliated against because he filed a lawsuit in state

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court alleging racial discrimination, in violation of 42 U.S.C. § 1981, and that the defendants had committed fraud under Texas law. He also alleged that he had been retaliated against in violation of the Americans with Disabilities Act (ADA). The complaint arose from the imposition of a fee of $1,513.83 related to his mortgage. The district court dismissed the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. Smart challenges the dismissal related to his claims of retaliation in violation of § 1981 and common law fraud. We review de novo the grant of a motion to dismiss pursuant to Rule 12(b)(6). *Romero v. City of Grapevine, Texas*, 888 F.3d 170, 176 (5th Cir. 2018); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To sustain a claim of retaliation under § 1981, Smart must have alleged three elements: "(1) that [he] engaged in activities protected by § 1981; (2) that an adverse action followed; and (3) a causal connection between the protected activities and the adverse action." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 390 (5th Cir. 2017). The district court found that Smart had not alleged a causal connection between the collection of the disputed fee, the adverse action, and the protected activity of Smart's filing a discrimination complaint or lawsuit. Smart has not shown that he alleged a plausible claim of retaliation under § 1981. *See Iqbal*, 556 U.S. at 678.

Stating a claim under Texas common law fraud requires the factual allegation of "(1) a material misrepresentation that (2) was false, (3) was either known to be false when made or was asserted without knowledge of its truth, (4) was intended to be acted upon, (5) was relied upon, and (6) caused injury." *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 810 (5th Cir. 2017) (internal quotation marks and citation omitted). On appeal, Smart does not argue that he relied on, or was deceived by, any representation made by the defendants. Consequently, he has not shown that he alleged a plausible claim of common law fraud or that the district court erred in

dismissing this portion of his complaint under Rule 12(b)(6) for failure to state a claim.  *See Iqbal*, 556 U.S. at 678.

Finally, the district court did not abuse its discretion in dismissing this complaint without granting Smart leave to amend because additional amendment of Smart's second amended complaint would have been futile. *See Aldridge v. Miss. Dep't of Corr.*, 990 F.3d 868, 878 (5th Cir. 2021).

AFFIRMED.