# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2020

Lyle W. Cayce
Clerk

No. 20-30231
Summary Calendar

SHANTRICE L. JONES,

*Plaintiff—Appellant*,

*versus*

SOUTHERN UNIVERSITY; SAGE REHABILITATION OUTPATIENT;
LEIGH ANN BAKER; AMELIA MAJOR; DONNA FITZGERALD-
DEJEAN; TERRILYNN GILLIS; ELAINE LEWNAU; JANET RAMI;
CARPENTER HEALTH NETWORK, L.L.C., *on behalf of* SAGE
REHABILITATION OUTPATIENT; CHRISTY WYNN MOLAND,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-1034

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Proceeding pro se and in forma pauperis, Shantrice Jones appeals the district court's dismissal of her Title VI retaliation claims with prejudice. We AFFIRM.

## I.

Jones is a former speech-language pathology graduate student at Southern University and A&M College (Southern). She enrolled in 2015 and graduated in 2018. Following graduation, Jones filed a pro se lawsuit against Southern, Sage Rehabilitation Hospital (Sage), and seven related individuals,[1] alleging discrimination and retaliation claims under Title II, Title VI, Title VII, Title IX, and § 504 of the Rehabilitation Act, as well as a state law claim for defamation.

Southern filed a Rule 12(b)(1) and Rule 12(b)(6) motion to dismiss on behalf of itself and its current and former employees. In response, Jones amended her complaint. Her amended complaint largely recited her original allegations but added additional instances of alleged discrimination and retaliation, and attached fourteen exhibits. Jones alleged that her supervisors, Baker (Southern) and Major (Sage), gave preferential treatment to other students and acted in a discriminatory manner on the bases of her race and her child's disability. She also asserted that Southern and Sage discriminated and retaliated against her by increasing her workload, failing to protect her from retaliatory events, and harassing her. Jones further alleged that other former and current faculty members retaliated by trying to dismiss her from the graduate program.

---

[1] The individuals Jones sued are current and former employees of Southern and Sage. Southern's employees are Leigh Ann Baker, Donna Fitzgerald-Dejean, Terrilynn Gillis, Janet Rami, Elaine Lewnau, and Christy Moland. Sage's named employee is Amelia Major.

No. 20-30231

After Jones filed the amended complaint, Southern moved to withdraw its original motion to dismiss and filed a renewed motion to dismiss the amended complaint. A day later, Rami and Baker filed separate motions to dismiss. In response to defendants' dispositive motions, Jones moved for leave to file a second amended complaint. On the heels of Jones's motion to amend, Sage moved to dismiss Jones's claims under Rule 12(b)(6), and Jones filed a response in opposition.

The district court denied Jones's motion for leave to file a second amended complaint and ordered Jones to respond to the motions to dismiss filed by Southern, Rami, and Baker. Shortly thereafter, Fitzgerald-Dejean, Lewnau, Gillis, and Moland also moved to dismiss Jones's claims under Rule 12(b)(6). In due course, Jones filed responses to all these dispositive motions.

The district court granted the motions filed by Southern, Rami, and Baker, dismissing Jones's claims against those defendants with prejudice. Jones moved to reconsider, but the court denied her motion. On November 1, 2019, Jones filed a notice of appeal. Because her claims against Sage, Major, Fitzgerald-Dejean, Lewnau, Gillis, and Moland remained pending in district court, this court dismissed Jones's appeal for lack of jurisdiction. *Jones v. Southern Univ.*, No. 19-30911, 2019 WL 8645963, at *1 (5th Cir. Dec. 9, 2019) (unpublished).

On March 23, 2020, the district court granted the remaining defendants' motions to dismiss. The district court dismissed Jones's claims with prejudice, including those against Major, which the court dismissed *sua sponte*. This appeal followed.

## II.

A district court's grant of a Rule 12(b)(6) motion to dismiss is reviewed de novo. *Vizaline, L.L.C. v. Tracy*, 949 F.3d 927, 931 (5th Cir. 2020). "We accept all well-pleaded facts as true and construe the complaint

No. 20-30231

in the light most favorable to the plaintiff." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (cleaned up). "But we do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (cleaned up). We review the denial of leave to amend the complaint for abuse of discretion. *Lewis v. Fresne*, 252 F.3d 352, 356 (5th Cir. 2001).

## III.

While Jones alleged numerous claims before the district court, Jones articulates only two challenges on appeal: (1) whether the district court erred by denying her second request to amend and (2) whether the district court erred by dismissing her Title VI retaliation claims.[2]

## A.

Jones argues the district court erred by denying her second request to amend her complaint. Under Rule 15, "[a] party may amend its pleading once as a matter of course . . . 21 days after service of a motion under Rule 12(b)[.]" FED. R. CIV. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the

---

[2] Pro se litigants' filings are "'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Pro se litigants' briefs must nonetheless adhere to the Federal Rules of Appellate Procedure. *Al-Ra'id v. Ingle*, 69 F.3d 28, 31 (5th Cir. 1995). Jones's appellate brief fails to provide argument or authority regarding the district court's dismissal of her claims under Title II, Title VII, Title IX, § 504 of the Rehabilitation Act, or her state law defamation claim. As a result, Jones has waived any arguments related to those claims. *See Roy v. City of Monroe*, 950 F.3d 245, 251 (5th Cir. 2020) ("Failure adequately to brief an issue on appeal constitutes waiver of that argument.") (internal quotation marks and citation omitted). Jones also asserts a new negligence argument, but we decline to address issues raised for the first time on appeal. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "Although Rule 15(a) requires the district court to grant leave to amend freely, leave to amend is in no way automatic." *Body by Cook, Inc. v. State Farm Auto. Ins.*, 869 F.3d 381, 391 (5th Cir. 2017). "The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of the amendment." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

After Southern filed its Rule 12(b) motion to dismiss the claims Jones asserted against Southern in her original complaint, Jones responded by amending her complaint as a matter of course under Rule 15(a)(1)(B). In her amended complaint, she asserted substantively identical claims, against the same defendants, but added fourteen exhibits. Soon thereafter, Southern filed a renewed motion to dismiss, and Rami and Baker filed separate Rule 12(b)(6) motions to dismiss Jones's amended complaint. Jones promptly followed with a motion for leave to file a second amended complaint. The district court denied Jones's motion to amend.

Jones argues that the district court erred. She asserts that her proposed second amended complaint would have "clearly labeled" an already existing defendant and "cured" confusion regarding "the events and times and the actions." But Jones has failed to explain, either in the district court or on appeal, how the additional facts and clarifications she would have added materially varied from the allegations she had already asserted in the first two versions of her complaint. She likewise fails to show how she could have overcome the fatal deficiencies found by the district court if she had been allowed to amend her complaint a second time. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). Jones has also provided no indication that she

No. 20-30231

did not plead her best case in her amended complaint. *Id.*; *see Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam). Therefore, we discern no abuse of discretion in the district court's denial of Jones's motion to amend her complaint a second time.

## B.

Next, Jones argues the district court erred by dismissing her Title VI retaliation claim. Title VI of the Civil Rights Act of 1964 prohibits race discrimination in all programs receiving federal funds. 42 U.S.C. § 2000d. Claims may be brought only against the institution receiving federal funds, not employees of those institutions. *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 582 (5th Cir. 2020) (citing *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009)). As a result, the district court properly dismissed Jones's claims against the individuals named in the complaint. We thus focus on the alleged retaliatory conduct of Southern and Sage.

To sustain a claim for Title VI retaliation, Jones must show (1) that she engaged in a protected activity; (2) that the Defendants took a material action against her, and (3) that a causal connection existed between the protected activity and the adverse action.[3] *Peters v. Jenney*, 327 F.3d 307, 320 (5th Cir. 2003) (citation omitted); *Bhombal v. Irving Indep. Sch. Dist.*, 809 F. App'x 233, 238 (5th Cir. 2020) (per curiam).

Jones actually alleges that Southern provided her accommodations to meet her scheduling needs. Jones also acknowledges that Vice Chancellor James Ammons supported her during the grievance appeal process, ensuring that Jones remained enrolled in her classes and received ADA accommodations. After Jones won her grievance appeal, Southern vacated

---

[3] We assume without deciding that Title VI encompasses a retaliation claim. *See Sewell*, 974 F.3d 577, 586 n.4 (5th Cir. 2020).

6

the failing grade she received in her clinical practicum and approved the clinical hours she worked at Sage. Jones then graduated from Southern. The allegations in Jones's amended complaint thus undermine her claim against Southern for retaliation.

Similarly, Jones affirmatively alleges that Sage accommodated and excused numerous absences and instances of tardiness while she interned at Sage. To the extent that Jones's amended complaint references any retaliatory conduct by Sage, those allegations are conclusory and do not give rise to a reasonable inference of retaliation cognizable under Title VI. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that "naked assertion[s]" without "further factual enhancement" are insufficient) (citation omitted). Jones's amended complaint cannot rest on a foundation of unsupported legal conclusions. *Id.*

Because the district court correctly concluded that Jones's amended complaint failed to state a prima facie case against any of the defendants, we AFFIRM the dismissal of Jones's retaliation claims.