# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-30838
Conference Calendar

DONNA OSBORNE MCKENZIE

Plaintiff-Appellant

v.

E O G RESOURCES INC; MARK B PAPA, in his capacity as CEO and Chairman of the Board of E O G; JOHNNY OSBORNE; ALVERNE OSBORNE BARNES; LINDA OSBORNE WOODS

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:08-CV-308

Before HIGGINBOTHAM, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Donna Osborne McKenzie, proceeding pro se, appeals the district court's dismissal of her complaint against EOG Resources, Inc. and Mark B. Papa, CEO and Chairman of the Board, for production payments or royalties on oil and gas wells in Louisiana. The district court dismissed McKenzie's claims against Mark B. Papa for lack of personal jurisdiction. The district court subsequently

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissed her complaint for failure to comply with the court's order to join her siblings as required parties pursuant to FED. R. CIV. P. 19 due to litigation pending in Louisiana state court concerning ownership of the property in question.

McKenzie argues that the district court erred as a matter of law in failing to follow procedural due process. Although this court liberally construes the briefs of pro se litigants, pro se parties must still brief the issues and comply with the standards of Rule 28 of the Federal Rules of Appellate Procedure. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). The Federal Rules of Appellate Procedure require the parties to provide references to the page number of the record to support statements of fact. FED. R. APP. P. 28(a)(7) and (9)(A); 5TH CIR. R. 28.2.2. Rule 28(a)(9)(A) also requires the argument to contain citations to the authorities on which the appellant relies. McKenzie's brief contains no record citations and no citation to relevant legal authority. McKenzie has not briefed any argument relating to the district court's reasons for dismissal. Failure by the appellant to identify any error in the district court's analysis or application to the facts of the case is the same as if the appellant had not appealed that judgment. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

McKenzie's appeal is inadequately briefed, and we thus DISMISS the appeal as frivolous. 5th Cir. R. 42.2. The motion for discovery is DENIED.