# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2013

No. 12-11243
Summary Calendar

Lyle W. Cayce
Clerk

DOCTOR VIOLETA PASKAUSKIENE,

Plaintiff - Appellant

v.

ALCOR PETROLAB, L.L.P.,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No: 4:11-cv-00817

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Violeta Paskauskiene appeals *pro se* the district court's denial of appointment of counsel, dismissal of her lawsuit, and award of attorney's fees and costs to Alcor Petrolab ("Alcor"). For the following reasons, we AFFIRM.

## FACTUAL BACKGROUND

Paskauskiene, who is of Lithuanian origin and over 50 years old, worked as a Quality Control Manager for Alcor, where she was responsible for writing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-11243

laboratory testing and quality control procedures for Alcor's laboratories. She alleges that Alcor's CEO and her supervisor, Christopher Taylor, discriminated against her on the basis of her nationality and her age by ignoring her concerns about quality control issues, not giving her a yearly evaluation, and falsely accusing her of not complying with company policy. Paskauskiene was ultimately terminated from her position which, she alleges, was improperly due to her calling an employee at home.

After her termination Paskauskiene filed a charge with the Fort Worth Community Relations Department ("FWCRD"), which investigated Paskauskiene's claim and issued a finding of no evidence of discrimination. In relevant part, the FWCRD determined that: (1) Paskauskiene had been issued warnings about her failure to follow the chain of command; (2) notwithstanding these warnings she called an employee at home (for whom she did not have supervisory authority) and was disrespectful to her; and (3) she was terminated as a result of her disobedience. The FWCRD also determined that other employees not of Paskauskiene's nationality had been fired for similar reasons. Paskauskiene appealed to the Equal Employment Opportunity Commission ("EEOC"), which adopted the findings and conclusions of the FWCRD on May 26, 2011.

## PROCEEDINGS BELOW

Paskauskiene filed the instant lawsuit on November 21, 2011, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981. She alleged in her complaint that she was subject to a hostile work environment and retaliation while working at Alcor Labs and was discriminated against and wrongfully terminated on account of her national origin (Lithuanian) and her age.

No. 12-11243

Along with her original complaint Paskauskiene filed a motion to grant timely filing,[1] a motion to proceed in forma pauperis, and a motion for appointment of counsel. The district court granted her in forma pauperis motion but denied her motion to grant timely filing and her motion for appointment of counsel.

Alcor answered the complaint on January 27, 2012, and the parties timely executed a joint status report. The court then set a discovery schedule, which provided that discovery was to close by October 15, 2012. Although the schedule was later modified in part, the October 15 discovery deadline was never altered.

On August 28, Paskauskiene filed a motion to file documents under seal, which included a physician's note requesting that Paskauskiene "be excused from all court services." The district court denied the motion, noting that: (1) "it is not clear . . . the purpose for which plaintiff would need to file such a document;" and (2) "[t]o the extent plaintiff anticipates that the document will excuse her from compliance with the court's orders, it is ineffective for that purpose."

During a telephone conference on August 27, Paskauskiene reportedly told counsel for Alcor that she would not make herself available for a deposition due to her medical condition, at the time undisclosed. Alcor informed Paskauskiene that it intended to notice her deposition for the week of September 17, 2012, and later that day served notice on Paskauskiene for a deposition on September 19. Concerned that Paskauskiene would not appear, Alcor filed a motion on September 7, 2012 to compel her deposition or, in the alternative, to dismiss the

---

[1] Paskauskiene had 90 days to file her complaint in federal court after the EEOC completed its review. *See* 42 U.S.C. § 2000e–5(f)(1). Her November 21 filing was therefore untimely. However, her untimeliness does not create a jurisdictional bar to suit. *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010). Because Alcor did not move for dismissal on this basis in the district court or brief this issue on appeal, we decline to address the question of whether Paskauskiene's suit should have been dismissed as time barred.

case. The district court denied Alcor's motion, but noted that, "should plaintiff fail to appear in response to a proper notice of deposition, defendant may file a motion to dismiss as a sanction for such failure to appear." The court also alerted Paskauskiene that, should she fail appear, "she is at risk that all claims and causes of action asserted in this action will promptly be dismissed."

On September 18 Paskauskiene filed a motion to quash the notice of her deposition. The district court denied the motion and advised Alcor to provide notice to Paskauskiene that the deposition would proceed the following day. Purportedly acting on the advice of her doctor, Paskauskiene did not appear for her deposition. On October 1, Alcor filed a motion to dismiss the lawsuit as a sanction for Paskauskiene's failure to appear.

The court issued an order on October 2 that it had "tentatively . . . concluded that [the] motion to dismiss should be granted" and that Paskauskiene should be ordered to reimburse Alcor for the costs of her non-appearance. However, before issuing a final order, the court offered Paskauskiene the opportunity to respond and explain why she did not appear for her deposition. The court noted that "[t]he indication is that plaintiff has simply decided that she is not going to cooperate in the pursuit of this litigation," and warned Paskauskiene that "having filed this action, she must cooperate with defendant in the prosecution of her action. She is at risk that her action will be dismissed as a sanction if she fails to cooperate."

After Paskauskiene filed her response, the district court denied the motion to dismiss but required Paskauskiene to appear at the offices of Alcor's counsel for deposition on October 30. The court noted in the order that "[p]laintiff has been repeatedly warned by the court . . . that failure to cooperate in the prosecution of her action, including failure to appear for her deposition, could result in dismissal of this action," and that, "should she fail to appear for her deposition, this action is subject to dismissal without further notice."

No. 12-11243

On November 1, 2012 Alcor notified the court that, although Paskauskiene had appeared for her deposition as ordered, she refused to answer questions, demanded that she be allowed to introduce documents, and ultimately left without being excused. As a result of Paskauskiene's failure to comply with the court's orders, Alcor requested that the lawsuit be dismissed with prejudice, and that it be granted attorney's fees and costs incurred as a result of Paskauskiene's non-compliance.

On November 28, 2012, the district court granted Alcor's motion and dismissed Paskauskiene's complaint. The court noted that the record "shows a consistent pattern by plaintiff of attempting to avoid her obligation to cooperate in the discovery process," and that Paskauskiene did not "dispute defendant's description of her conduct [at her October 30th deposition] but rather attempted to justify her actions by reference to various provisions of Rule 30 of the Federal Rules of Civil Procedure." The court also awarded Alcor attorney's fees and costs in the amount of $6,247.30. Paskauskiene timely appealed, challenging the district court's refusal to appoint counsel, the dismissal of her lawsuit, and the award of attorney's fees and costs to Alcor.

## STANDARD OF REVIEW

This court reviews the district court's denial of a motion to appoint counsel for abuse of discretion. *Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1990); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986). This court also reviews the imposition of sanctions, including dismissal of an action, under Rules 37(b) and 41(b) of the Federal Rule of Civil Procedure for abuse of discretion. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976); *Salinas v. Sun Oil Co.*, 819 F.2d 105, 106 (5th Cir. 1987). An abuse of discretion occurs where a ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence. *Tollett v. City of Kemah*, 285 F.3d 357, 363 (5th Cir. 2002).

No. 12-11243

## DISCUSSION

### A.     Denial of Motion for Appointed Counsel

"[T]he appointment of counsel in a civil case is a privilege and not a constitutional right." *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).  Title VII provides for the appointment of counsel "in such circumstances as the court may deem just."   42 U.S.C. § 2000e-5(f)(1).   In determining whether to appoint counsel in a Title VII case, a court should consider "(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel." *Gonzalez*, 907 F.2d at 580.  No one factor is conclusive.  *Id.*  The  plaintiff bears the burden of demonstrating that the appointment of counsel is justified.  *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1310 (5th Cir. 1977).

It is undisputed that Paskauskiene is of limited financial means and that she made significant efforts to retain counsel by contacting several attorneys, albeit unsuccessfully.    However, by adopting the findings of the FWCRD, the EEOC found no evidence of discrimination underlying Paskauskiene's claims.  Determinations by the EEOC are "highly probative" of the merits of a plaintiff's case when considering a motion to appoint counsel. *See Gonzalez*, 907 F.2d at 580.

This court is also permitted to consider Paskauskiene's ability to represent herself alongside the factors listed above, as they are "simply ingredients in the total mix of relevant information which should guide the discretion of the district court." *Caston*, 556 F.2d at 1310; *see Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (holding that a court may consider a plaintiff's ability to represent herself, among other factors, when evaluating whether to appoint counsel under 42 U.S.C. § 1983).  Paskauskiene is highly educated, familiar with Title VII law and procedure, and was pursuing a straightforward case.  For these reasons, as

well as those stated above, we conclude that the district court did not abuse its discretion in denying Paskauskiene's motion for the appointment of counsel.

## B.    Dismissal of Paskauskiene's Complaint

The Federal Rules of Civil Procedure permit the imposition of sanctions, including dismissal of an action, for failure to comply with a court order or failure to appear at a properly-noticed deposition. *See* FED. R. CIV. P. 37(b)(2), (d); *see also* FED. R. CIV. P. 41(b).

Dismissal of an action with prejudice is permitted only upon a showing of a "'clear record of delay or contumacious conduct by the plaintiff . . . and when lesser sanctions would not serve the best interests of justice.'" *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (quoting *Rogers v. Kroger Co.*, 669 F.2d 1317, 1320 (5th Cir. 1982)). Because dismissal is an "extreme sanction," dismissals with prejudice usually involve the presence of one or more of the following aggravating factors: "(1) delay attributable directly to the plaintiff, rather than [the] attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional conduct." *Id.*

The record reflects that Paskauskiene engaged in contumacious conduct by repeatedly failing to comply in good faith with court orders, acting in an evasive and purposefully disruptive manner during her court-ordered deposition, and ultimately terminating her deposition after repeatedly attempting to introduce a document rather than respond to counsel's questions. This type of behavior persisted throughout the litigation despite the court's repeated warnings that failure to cooperate could result in dismissal. Furthermore, given Paskauskiene's financial circumstances and her persistent refusal to comply with Alcor's requests despite strong warnings, it is clear that lesser sanctions (including additional warnings or monetary sanctions) would not serve the interests of justice.

No. 12-11243

Considering the potential "aggravating factors," *Callip*, 757 F.2d at 1519, it is notable that (1) given her *pro se* status, Paskauskiene's conduct was attributable to no one but herself, and (2) the repetitive nature of her actions in light of repeated court warnings strongly indicates that she did not act unintentionally.   More fundamentally, however, without the ability to take Paskauskiene's deposition, Alcor faced substantial prejudice in defending itself in this litigation.   As the district court explained, having filed this action, Paskauskiene had a duty to cooperate with Alcor and the court in its prosecution.   Her failure to do so is determinative of this issue.

The district court did not abuse its discretion in holding that Paskauskiene "engaged in conduct of the kind warranting dismissal by repeatedly attempting to circumvent, delay, or disrupt the taking of her deposition."   The dismissal of Paskauskiene's complaint was not in error.

## C.    **Award of Costs and Fees**

Rule 37(b)(2)(C) provides that a court must order payment of reasonable expenses, including attorney's fees, for a party's failure to comply with a court order unless that failure was substantially justified.   FED. R. CIV. P. 37(b)(2)(C). For the reasons explained above, the district court did not err in holding that Paskauskiene's failure to comply with its orders was not substantially justified. She is ordered to reimburse Alcor in the amount of $6,247.30 for the reasonable expenses incurred as a result of her non-compliance— including $1,609.30 for a court reporter, $813 for a videographer, and $3,825 in attorneys fees—as set forth in Alcor's November 7, 2012 Supplement to Defendant's Motion for Relief and Affidavit of Allyn Jaqua Lowell.

## CONCLUSION

The judgment of the district court is AFFIRMED.