# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 19, 2023

Lyle W. Cayce
Clerk

No. 21-20302

Alfred Dewayne Brown,

*Plaintiff—Appellant*,

*versus*

City of Houston, Texas; Harris County, Texas; Breck McDaniel; Ted C. Bloyd; D. L. Robertson,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-1749

Before Wiener, Graves, and Duncan, *Circuit Judges*.
Jacques L. Wiener, Jr., *Circuit Judge*:

We previously certified a question to the Texas Supreme Court in this matter, asking whether the Tim Cole Act, Texas Civil Practice and Remedies Code §§ 103.001 *et seq.*, bars maintenance of a federal lawsuit involving the same subject matter that was filed before the claimant received compensation under the Tim Cole Act. Having received a response from the Texas Supreme Court, we AFFIRM the judgment below.

No. 21-20302

## I. Facts and Procedural Background

Brown spent more than twelve years in state prison—including ten on death row—because of his wrongful conviction for the murders of a Houston police officer and a store clerk. In 2015, the state district court granted the Harris County District Attorney's motion to dismiss the charges against Brown, and Brown was released from prison.

In 2016, Brown filed a petition with the Texas Office of the Comptroller for compensation under the Tim Cole Act, which provides state compensation to individuals who have been wrongfully convicted of state crimes in state courts.[1] His petition was denied because (1) it was not based on a finding that Brown was "actually innocent," (2) Brown had not received a pardon, and (3) the district attorney had not filed a qualifying motion. In March 2019, following an investigation into Brown's claim of actual innocence, the Harris County District Attorney filed a motion to dismiss the charges against Brown, which the state court granted. In May 2019, Brown filed another petition for compensation under the Tim Cole Act. It too was denied. Following that rejection, Brown sought a writ of mandamus from the Texas Supreme Court.[2] In December 2020, the Texas Supreme Court overturned the Comptroller's decision and ordered the State of Texas to pay Brown the compensation he was owed under the Tim Cole Act.[3] The State then paid Brown's Tim Cole Act claim.

---

[1] TEX. CIV. PRAC. & REM. CODE § 103.001(A). Under this statute, "[a] person is entitled to compensation if: (1) the person has served in whole or in part a sentence in prison under the laws of this state; and (2) the person . . . has received a full pardon on the basis of innocence for the crime for which the person was sentenced." *Id.*

[2] For a more extensive background of the case, *see In re Brown*, 614 S.W.3d 712, 713–16 (Tex. 2020).

[3] *Id.* at 723–24.

No. 21-20302

While Brown was pursuing compensation under the Tim Cole Act, he brought a 42 U.S.C. § 1983 action in federal district court in June 2017.[4] Brown alleged that the City of Houston, Harris County, and various state officials had violated his Fifth, Eighth, and Fourteenth Amendment rights because of his wrongful prosecution, conviction, and detention in state custody.[5] Some claims survived a motion to dismiss, and others were dismissed without prejudice.[6] Defendants-Appellees eventually moved for summary judgment.

In May 2021, the federal district court granted summary judgment in favor of Defendants-Appellees and dismissed the remainder of Brown's § 1983 claims with prejudice.[7] In doing so, the court explained that "[a] state's payment for wrongful conviction under the [Tim Cole] Act provides immunity to suits against state and local governmental entities and employees seeking additional payment for the same wrongful conviction."[8] The court reasoned that "the Texas Supreme Court would likely . . . conclude that § 103.153(b) bars Brown's lawsuit."[9] The court acknowledged, however, that this case presents "a novel issue of Texas law" as "[t]he Texas Supreme Court has considered the Tim Cole Act several times, but it has not addressed the specific issue presented here."[10] Brown timely appealed.

---

[4] *Brown v. City of Houston*, 297 F. Supp. 3d 748, 756–57 (S.D. Tex. 2017).

[5] *Id.*

[6] *Id.* at 778.

[7] *Brown v. City of Houston*, 538 F. Supp. 3d 725, 735 (S.D. Tex. 2021).

[8] *Id.* at 731.

[9] *Id.*

[10] *Id.* at 730.

No. 21-20302

This appeal addresses the viability of Brown's federal lawsuit under § 1983. It is uncontested that Brown met the criteria of the Tim Cole Act and received compensation under it, but the parties dispute the impact of § 103.153(b) of the Tim Cole Act on Brown's federal suit. Section 103.153(b) states:

> A person who receives compensation under this chapter may not bring any action involving the same subject matter, including an action involving the person's arrest, conviction, or length of confinement, against any governmental unit or an employee of any governmental unit.[11]

Brown contends that he may maintain his § 1983 suit because he filed it *before* he received compensation under the Tim Cole Act. He explains that he is simply maintaining his earlier-filed lawsuit and that the statute's plain language only proscribes bringing an action *subsequent* to receiving Tim Cole Act compensation. Defendants-Appellees, on the other hand, assert that "the Texas Supreme Court understands § 103.153(b) [as providing that] the State's payment provides immunity to suits against state and local governmental entities and employees *seeking additional payment* for the same wrongful conviction."[12] They contend that the Tim Cole Act presents an open offer of settlement to which Brown knowingly and willingly agreed.

In April 2022, we certified the following question to the Texas Supreme Court:

> Does Section 103.153(b) of the Tim Cole Act bar maintenance of a lawsuit involving the same subject matter against any

---

[11] TEX. CIV. PRAC. & REM. CODE § 103.153(B).

[12] (emphasis added).

4

No. 21-20302

governmental units or employees that was filed before the claimant received compensation under that statute?[13]

In February 2023, the Texas Supreme Court answered in the affirmative, explaining that "Brown's acceptance of Tim Cole Act compensation means that he has agreed not to 'bring' a lawsuit in any forum against governmental entities or employees that involves the same subject matter as his Tim Cole Act claim. 'Bringing' an action in this context entails maintaining it."[14] We now analyze the district court's grant of Defendants-Appellees' summary judgment motion in light of this clarified meaning of § 103.153(b) of the Tim Cole Act.

## II. Standard of Review

"We review a grant of summary judgment *de novo*, applying the same legal standards as the district court."[15] Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[16] "We view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in that party's favor."[17]

---

[13] *Brown v. City of Houston*, No. 21-20302, 2022 WL 989364, at *3 (5th Cir. Apr. 1, 2022), *certified question answered sub nom. Brown v. City of Houston*, 660 S.W.3d 749 (Tex. 2023).

[14] *Brown*, 660 S.W.3d at 759–60.

[15] *Tex. Ent. Ass'n, Inc. v. Hegar*, 10 F.4th 495, 504 (5th Cir. 2021) (quoting *Certain Underwriters at Llyod's, London v. Axon Pressure Prods. Inc.*, 951 F.3d 248, 255 (5th Cir. 2020)).

[16] Fed. R. Civ. P. 56(a).

[17] *King v. U.S. Bank, N.A.*, 853 F. App'x 971, 973 (5th Cir. 2021).

## III. Analysis

Because the Texas Supreme Court had not yet answered the certified question, the district court made an *Erie* guess that Brown's federal suit was barred because of his receipt of compensation under the Tim Cole Act.[18] The district court analyzed past instances when the Texas Supreme Court had interpreted the Tim Cole Act, then held that "presented with the facts in this case, the Texas Supreme Court would . . . conclude that § 103.153(b) bars Brown's lawsuit."[19] The Texas Supreme Court later concluded in response to our certified question that Brown's federal lawsuit is barred by his acceptance of Tim Cole Act compensation.[20]

## IV. Conclusion

We therefore AFFIRM the district court's grant of summary judgment in favor of Defendants-Appellees and its dismissal of Brown's remaining § 1983 claims with prejudice.

---

[18] *Brown*, 538 F. Supp. 3d at 731–32.

[19] *Id.* at 730–31.

[20] *Brown*, 660 S.W.3d at 759–60 (internal quotation marks omitted).