# United States Court of Appeals for the Fifth Circuit

_____

No. 24-10943

_____

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2025

Lyle W. Cayce
Clerk

Lisa Y. Reese,

*Plaintiff—Appellant*,

*versus*

United Petroleum Transports, Incorporated,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 4:21-CV-878, 4:22-CV-1039

_____

Before Wiener, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:[*]

In this employment dispute, Plaintiff-Appellant Lisa Y. Reese brought Title VII and § 1981 claims *pro se* against Defendant-Appellee United Petroleum Transports, Incorporated ("UPT"). We review the district court's denials of Reese's requests for appointed counsel and its grant of UPT's motion for summary judgment on her hostile work environment and retaliation claims. For the reasons discussed herein, we AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10943

## I.

UPT employed Reese as a commercial truck driver in Texas transporting fuel products. Her grievances began in 2018 when she complained to her manager and UPT's human resources regarding Mr. Scott Oakley, a colleague who Reese alleged was "stalking" her based on instances of his coincidental presence at certain loading and unloading points and ongoing rumors of their romantic relationship. Reese alleged that he would cause her discomfort by staring at her. In one event, Reese alleged Oakley had jeopardized her safety when he turned off the lights while she was operating the loading rack. Despite investigating Reese's initial and subsequent complaints, UPT could not substantiate any of her claims. Nonetheless, UPT attempted to minimize their encounters by arranging their schedules accordingly. This proved difficult, however, after Reese requested a change in her shift schedule that inevitably overlapped with Oakley's.

In May 2021, Reese took a leave of absence for her mental health. UPT communicated updates with Reese via a phone application, through which she twice requested an extension for leave. For each extension, UPT required Reese to provide supporting documentation. When her second extension was set to expire, UPT informed Reese that absent any further documentation to extend her leave of absence a third time, she was expected to arrange for her return to work. Reese neither responded nor returned to work. After a series of unsuccessful attempts to contact Reese, UPT terminated Reese pursuant to company policy.

Reese filed two separate charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") pertaining to the foregoing events. The first, filed January 2019, alleged race discrimination and retaliation, to which a claim of sexual harassment was later added. The

second, filed June 2022, alleged disability discrimination and retaliation. The EEOC dismissed both charges but issued Reese a right to sue notice in each. Reese then filed two separate complaints *pro se* in district court, one in July 2021 and one in November 2022, both following the EEOC's dismissals. The district court consolidated the two cases. Throughout the litigation, the district court denied Reese's several motions to appoint counsel for assistance in her case. Her final amended complaint alleged two claims: (1) retaliation in violation of Title VII; and (2) race discrimination in violation of Title VII and § 1981. UPT moved for a summary judgment on both claims, and the district court granted the motion in full.

On appeal, Reese asserts myriad claims of which several are raised now for the first time.[1] As to those preserved on appeal, Reese contends that the district court erred in (1) denying her motions for appointment of counsel, and (2) granting UPT's motion for summary judgment on her claims[2] under Title VII and § 1981.

## II.

"We review the district court's denial of appointment of counsel for an abuse of discretion." *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007). A district court abuses its discretion when its "ruling is based on an

---

[1] UPT filed a motion to strike portions of Reese's reply that raises new claims and theories not previously addressed in her initial brief or in the district court.

[2] Reese appears to contest only the district court's judgment as to her claims of retaliation and hostile work environment premised on sexual harassment, notably omitting her race discrimination claim. Later, however, she briefly mentions a discrimination claim in contending that the district court applied the improper legal standard on summary judgment. Although we construe Reese's *pro se* filings liberally, *see infra* note 3, we are unable to ascertain if she identifies any particular error regarding her race discrimination claim that she seeks to challenge. Accordingly, we only address the judgment below as to her retaliation and hostile work environment claims.

erroneous view of the law or on a clearly erroneous assessment of the evidence." *Tollett v. City of Kemah,* 285 F.3d 357, 363 (5th Cir. 2002) (citation omitted). We also review orders granting summary judgment *de novo*, applying the same standards as the district court. *Miller v. Michaels Stores, Inc.*, 98 F.4th 211, 215–16 (5th Cir. 2024). We construe Reese's filings liberally because she is a *pro se* litigant.[3] *Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.

### *A. Denials of Requests to Appoint Counsel*

Reese contends that the district court erred in refusing to appoint her counsel as permitted under 42 U.S.C. § 2000e-5(f)(1), thereby creating "procedural inequities" that prevented her from presenting her case effectively. She recites from the record the district court's denials of her multiple requests for appointment of counsel, and concludes that UPT had "tak[en] advantage of the fact that [she is] a Pro Se litigant." UPT counters

---

[3] UPT begins by asking us to dismiss this appeal because Reese's opening brief fails to comport with Federal Rule of Appellate Procedure 28 and, in turn, prejudices its response. *See generally* Fed. R. App. P. 28 While we recognize certain deficiencies in her *pro se* brief, we disagree that they warrant dismissal. *See Grant v. Cuellar*, 59 F.3d 523, 525 (5th Cir. 1995) (per curiam) ("This Court has discretion to consider a noncompliant brief, and it has allowed *pro se* plaintiffs to proceed when the plaintiff's noncompliance did not prejudice the opposing party."). Because Reese identifies certain errors below that she seeks to challenge on appeal and supports her contentions with citations to legal authority, we conclude that she satisfies Rule 28. *Cf. McKenzie v. E O G Res. Inc.*, 340 F. App'x 985, 986 (5th Cir. 2009) (per curiam) (dismissing appeal for failing to cite to the record or legal authority, and failing to identify error below); *Davison v. Huntington Ingalls, Inc.*, 712 F.3d 884, 886 (5th Cir. 2013) (dismissing appeal for failing to identify "nature of [the] challenge or its factual and legal underpinnings"). The comprehensiveness of UPT's response only sustains the conclusion that any prejudice it perceives is inconsequential. *See Price v. Digit. Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) (per curiam) (finding no prejudice when opponent addressed all issues).

No. 24-10943

that the district court did not abuse its discretion, as it properly considered the pertinent factors for determining whether Reese's circumstances warranted appointing her counsel.[4]

A federal court may appoint counsel to represent a Title VII plaintiff in "circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). "[T]he decision whether to appoint counsel rests within the sound discretion of the trial court." *Gonzalez*, 907 F.2d at 579 (citation omitted). "District courts analyzing the merits of a Title VII plaintiff's request for counsel should consider: (1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel. No single factor is conclusive." *Id.* at 580 (internal citations omitted). The EEOC's determination, although not dispositive, is highly probative of the merits of a motion for appointment of counsel for a Title VII plaintiff. *Caston v. Sears, Roebuck & Co., Hattiesburg, Miss.*, 556 F.2d 1305, 1309 (5th Cir. 1977). These factors are "simply ingredients in the total mix of relevant information which should guide the discretion of the district court." *Id.* at 1310.

---

[4] UPT addresses two statutes under which counsel may be appointed: 28 U.S.C. § 1915 and 42 U.S.C. § 2000e-5. However, section 1915 only applies to indigent litigants who proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. § 1915(e)(1). Although Reese had filed a motion to proceed IFP in district court, that court denied her motion and Reese paid the requisite filing fee below. To be sure, a court's ability to appoint counsel under Title VII is not interchangeable with its ability to appoint counsel for indigent litigants proceeding IFP under § 1915. *See Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990) (finding district court erred by importing § 1915 standard for Title VII plaintiff with no record of proceeding IFP). Because Reese did not proceed IFP in the district court, we do not consider the factors of appointing counsel under § 1915 in reviewing the judgment below. *See Buesgens v. Snow*, 169 F. App'x 869, 870 (5th Cir. 2006) (per curiam) (applying only § 2000e-5 analysis for Title VII plaintiff who was denied IFP); *cf. Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x 329, 333 (5th Cir. 2013) (per curiam) (citations omitted) (extending analysis to consider certain § 1915 factors for Title VII plaintiff proceeding IFP).

No. 24-10943

After reviewing the record and the district court's reasoning, we do not conclude that the district court abused its discretion in declining to appoint counsel for Reese. To start, despite doing so for her other claims on appeal, Reese does not support her position as a Title VII plaintiff with any legal authority for appointing her counsel under § 2000e-5(f)(1). She lodges broad and conclusional allegations that the district court's denial "created procedural inequities" depriving her of "her right to a fair hearing." But such general claims of error—without any specificity as to the district court's factual determinations or its application of the correct legal standards—fail to demonstrate *how* the district court abused its discretion.

On our own examination of the merits, the district court was well within its discretion to determine that Reese was not suited for appointment of counsel. In denying Reese's first motion for appointment of counsel, the district court assessed the relevant factors that we also consider above for a Title VII plaintiff under § 2000e-5, and it further considered the EEOC's dismissal of her discrimination charges. We are not persuaded that any aspect of that determination below was erroneous, either on its findings of fact or its articulation and application of law to Reese's circumstances. We therefore affirm the district court's initial and subsequent denials of her motions to appoint counsel.

## B. Entry of Summary Judgment

Reese also contends that the district court erred in granting summary judgment on her retaliation and sexual harassment claims under Title VII and § 1981. She claims broadly that the district court improperly resolved genuine issues of material fact in UPT's favor despite being the movant, and conclusively asserts that the court "misapplied critical legal standards" that form the bedrock of her claims. She claims the instances of "verbal harassment" and "inappropriate sexual remarks" created a hostile work

environment premised on sexual harassment, which illustrates a genuine issue of material fact as to that claim. And as for her retaliation claim, she asserts that she demonstrated temporal proximity for causation and illustrated UPT's pretext through evidence of reduced work assignments and her eventual termination. She also maintains that the district court erroneously required direct evidence of retaliatory motive when circumstantial evidence sufficed.

UPT contends that the judgment below was correct as to both claims. It first claims that Reese failed to provide any evidence demonstrating that she was in fact subjected to sexual harassment, much less any purported harassment premised on her gender or on a sexual motive. UPT also claims Reese failed to demonstrate that it ever failed to take prompt remedial action in response to her complaints. As for her retaliation claim, UPT contends that Reese fails to demonstrate but-for causation or, alternatively, pretext to sustain her retaliation claim. UPT also asserts that Reese misunderstands the evidentiary burden required in a retaliation claim because the *McDonnell Douglas* burden-shifting framework applies where—as here—only circumstantial evidence exists.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant." *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019) (citation omitted). "Once a movant who does not have the burden of proof at trial makes a properly supported motion, the burden shifts to the nonmovant to show that a summary judgment should not be granted." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citations omitted). A nonmovant opposing summary judgment "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence

specific facts showing the existence of a genuine issue for trial." *Id.* "[U]nsubstantiated assertions are not competent summary judgment evidence." *Id.* A nonmovant opposing summary judgment must "identify specific evidence in the record and [] articulate the precise manner in which that evidence supports his or her claim." *Id.* "We view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in that party's favor." *Brown v. City of Houston*, 65 F.4th 774, 777 (5th Cir. 2023) (citation omitted).

Although Reese addresses each claim individually, her argument as to why the judgment below is erroneous is generally the same: the district court did not properly consider the evidence and therefore reached at the incorrect conclusion. However, Reese does not proceed much further beyond that generality. She fails to refer to any specific portions of the record or, apart from broad restatements of the summary judgment standard, to any relevant legal authority that bolsters her view.[5] Her contentions on appeal again fail the summary judgment standard: she fails to "identify specific evidence in the record" and explain "the precise manner in which that evidence supports . . . her claim." *Ragas*, 136 F.3d at 458. She has only offered broad claims that culminate in urging us to simply adopt her view of the evidence contrary to

---

[5] As an example of how Reese generally contests the factual analysis of her claims, she conclusively asserts that she had "provided substantial testimony and documentation" of conditions creating a hostile work environment that the district court "overlooked," but she does not otherwise specify *how* her facts lead to that conclusion. In another example of how she generally contests the district court's legal analysis of summary judgment, she conclusively asserts that the district court "improperly resolved genuine disputes of material fact in favor of UPT" simply because she had "presented substantial evidence" that "rais[e] questions of intent and credibility that should have been resolved by a jury." Her citations to the legal authority are similarly generalized in which she broadly cites cases that appear amorphously relevant to her facts.

the district court's conclusion. With nothing more, we do not discern any error in the judgment below.

Our review of Reese's claims *de novo* leads us to the same conclusion. When considering the summary judgment evidence, there is no genuine dispute of material fact regarding her sexual-harassment-based hostile work environment claim. Her retaliation claim fares no better. In reviewing whether Reese established a *prima facie* case, we conclude that she fails since she does not establish the requisite element of causation to proceed on such a claim. And even assuming *arguendo* that she did establish a *prima facie* case, her claim would still lose at summary judgment because of her inability to rebut UPT's legitimate reason for her termination—namely, her failure to return to work—as pretextual. Arriving at the same conclusion as the district court, we affirm its grant of summary judgment below as to both claims.

## IV.

"A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal—or by failing to adequately brief the argument on appeal." *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021). Because Reese's remaining claims[6] that were not raised before the district court are forfeited, they will not be considered on appeal. *Celanese Corp. v. Martin K. Eby Constr. Co.*, 620 F.3d 529, 531 (5th Cir. 2010). UPT's motion to strike is DENIED as moot.

The judgment below is AFFIRMED.

───────────────────────

[6] For the first time on appeal, Reese asserts several claims under the Americans with Disabilities Act, alongside claims of wrongful termination based on disability, race and gender-based harassment, and evidentiary challenges.