# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 2, 2026

Lyle W. Cayce
Clerk

_____

No. 25-20062

_____

Janice Brown; Jonathan Brown,

*Plaintiffs—Appellants*,

*versus*

American First National Bank; Henry Wu,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-1722

_____

Before Jones and Engelhardt, *Circuit Judges*, and Summerhays, *District Judge*. *

Per Curiam: **

Plaintiff-Appellants Janice and Jonathan Brown are African American. Defendant-Appellee American First National Bank ("AFNB") is an Asian American-owned bank headquartered in Houston, Texas. The Browns sued AFNB and its Chairman, Henry Wu, seeking damages under 42 U.S.C.

_____

* United States District Judge for the Western District of Louisiana, sitting by designation.

** This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20062

§ 1981 and Texas tort law, claiming that they suffered intentional racial discrimination when they unsuccessfully attempted to open personal and commercial banking accounts at AFNB's Katy, Texas branch location. After denying a motion to dismiss filed by AFNB and Wu, the district court granted their subsequent motion for summary judgment, dismissing the entirety of the Browns' claims with prejudice.

On appeal, the Browns' request for reversal is limited to the district court's disposition of their § 1981 race discrimination claims against AFNB that are premised on the Brown's initial unsuccessful attempt—on October 21, 2022—to open a personal banking account at AFNB.[1] The Browns maintain that a proper assessment of the evidentiary record reveals sufficient circumstantial evidence for a reasonable jury to conclude that, on October 21, 2022, AFNB personnel refused their request to open a personal checking account, accused them of fraud, and then "escorted" them (accompanied by a security guard) from the bank, because the Browns are African American rather than Asian or Asian American. We AFFIRM.

I.

We review orders granting summary judgment de novo, applying the same standards as the district court. *Miller v. Michaels Stores, Inc.*, 98 F.4th 211, 215–16 (5th Cir. 2024). Summary judgment "shall" be entered "if the movant shows that there is no genuine dispute as to any material fact and the

---

[1] In other words, on appeal, the Browns do *not* challenge the district court's dismissal of (1) their claims against Wu; (2) their state-law claims (asserting intentional infliction of emotional distress); or (3) their claims against AFNB regarding the initial denial of a commercial account, the cancellation of their loan, and/or the eventual closures of their AFNB accounts. Given the limited scope of the Browns' appeal, our review does not extend to those rulings.

movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Material facts are those that "might affect the outcome of the suit under the governing law." *Leasehold Expense Recovery, Inc. v. Mothers Work, Inc.*, 331 F.3d 452, 456 (5th Cir. 2003) (internal quotation marks and citation omitted). "A genuine [dispute] of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017).

"Once a movant who does not have the burden of proof at trial makes a properly supported motion, the burden shifts to the nonmovant to show that a summary judgment should not be granted." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citation omitted). A party opposing such a motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary[-]judgment evidence specific facts showing the existence of a genuine issue for trial." *Id.* "[U]nsubstantiated assertions are not competent summary[-]judgment evidence." *Id.* Rather, the nonmovant must "identify specific evidence in the record and [] articulate the precise manner in which that evidence supports his or her claim." *Id.* "We view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in that party's favor." *Brown v. City of Houston*, 65 F.4th 774, 777 (5th Cir. 2023) (citation omitted).

## II.

Section 1981 of Title 42 of the United States Code guarantees that persons of all races within the jurisdiction of the United States have equal rights to "make and enforce contracts." *See* 42 U.S.C. § 1981(a)–(c).[2] The

---

[2] The complete text of § 1981 provides:

**§1981. Equal rights under the law**

No. 25-20062

equal right of all persons "to make and enforce contracts" without regard to race "includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b). "To succeed on a § 1981 claim, plaintiffs must show that (1) they are members of a protected class; (2) the defendant(s) intended to discriminate on the basis of that protected class; and (3) the discrimination concerned one or more of the activities enumerated in the statute." *See Abdallah v. Mesa Air Grp., Inc.*, 83 F.4th 1006, 1013 (5th Cir. 2023) (citation modified). [3]

––––––––––––––––––––––––––––––

**(a) Statement of equal rights**

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

**(b) "Make and enforce contracts" defined**

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

**(c) Protection against impairment**

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C.A. § 1981 (West). Relatedly, § 1982 adds:

All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

42 U.S.C.A. § 1982 (West).

[3] Section 1981 prohibits racial discrimination against white and nonwhite persons. *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 285-87, 295–96 (1976); *Reilly v. TXU*

No. 25-20062

Entitlement to relief under § 1981 requires an "impaired contractual relationship," but the "contractual relationship need not already exist, because § 1981 protects the would-be contractor along with those who already have made contracts." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). Accordingly, "[s]ection 1981 offers relief when racial discrimination blocks the creation of a contractual relationship . . . so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Id.* (recognizing that § 1981 imposes liability upon persons who, "for racially motivated reasons[,] . . . prevented individuals who '*sought to enter* into contractual relationships' from doing so'"(quoting *Runyon v. McCrary*, 427 U.S. 160, 172 (1976) (emphasis added)); *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 388 (5th Cir. 2017) (Section 1981 claim requires discrimination concerning an existing or prospective contract.) "[W]hen a merchant denies service or outright refuses to engage in business with a consumer attempting to contract with the merchant, that is a violation of § 1981." *Causey v. Sewell Cadillac-Chevrolet, Inc.,* 394 F.3d 285, 290 (5th Cir. 2004) (citing *Morris v. Dillard Dep't Stores, Inc.,* 277 F.3d 743, 752 (5th Cir. 2001) (citing *Christian v. Wal–Mart Stores, Inc.,* 252 F.3d 862, 874 (6th Cir. 2001))).[4]

"Disparate treatment [discrimination] describes 'actions that treat [a plaintiff] worse than others based on [the plaintiff's] race, color, religion, sex, or national origin.'" *Abdallah*, 83 F.4th at 1013 (quoting *Pacheco v. Mineta*, 448 F.3d 783, 787 (5th Cir. 2006)). Comparing a plaintiff's experiences with

_____

*Corp.*, 271 F. App'x 375, 379 (5th Cir. 2008); *Chaiffetz v. Robertson Rsch. Holding, Ltd.*, 798 F.2d 731, 735 (5th Cir. 1986).

[4] Private employers may be subjected to vicarious liability under § 1981 for racially motivated decisions of its employees. *See Jett v. Dallas Indep. Sch. Dist.*, 798 F.2d 748, 763 (5th Cir. 1986) (distinguishing between private and municipal liability under § 1981).

those of a person outside of the protected class "is a sufficient but not necessary way of showing disparate treatment." *Id.* at 1015. Rather, "[t]he test is whether the outcome would be different but for the protected class[.]" *Id.* "That can be shown by comparing the experience of the plaintiff to what his treatment would have been but for the protected class or by comparing the experience of the plaintiff to another individual without the protected class. If either leads to a different outcome, disparate treatment has occurred." *Id.*

"[T]he analysis of discrimination claims under § 1981 is identical to the analysis of Title VII claims." *Id.* at 1013 n.5 (quoting *Body by Cook*, 869 F.3d at 386). A plaintiff may prove claims asserted under § 1981 using either direct evidence or circumstantial evidence. *See, e.g.*, *Hager v. Brinker Tex., Inc.*, 102 F.4th 692, 698–99 (5th Cir. 2024) (distinguishing analyses of direct and indirect (circumstantial) evidence of racial discrimination). Indeed, "discriminatory motive . . . commonly is[] demonstrated by circumstantial evidence." *Body by Cook*, 869 F.3d at 386. Absent direct evidence of discrimination, this court utilizes the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973). *See, e.g.*, *Hager*, 102 F.4th at 699.

Under the *McDonnell Douglas* framework, a plaintiff asserting a discrimination claim bears the initial burden of establishing a prima facie case of discrimination. *Id.* If the plaintiff establishes a prima facie case, "the burden shifts to the defendant to produce evidence of a legitimate, non-discriminatory reason for its conduct." *Id.* If the defendant does so, "the presumption of discrimination disappears" and the plaintiff "must then produce substantial evidence indicating that the [defendant's] proffered . . . reason is a pretext for discrimination." *Watkins v. Tregre*, 997 F.3d 275, 281 (5th Cir. 2021) (quoting *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 216 (5th Cir. 2016)); *see also Hager*, 102 F.4th at 699 (If the defendant meets that

burden, the plaintiff must show that the proffered reason is "mere pretext for discrimination."). "Evidence is substantial if it is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." *Watkins*, 997 F.3d at 283 (quoting *Laxton v. Gap Inc.*, 333 F.3d 572, 579 (5th Cir. 2003) (internal quotation marks omitted)); *see also Hager*, 102 F.4th at 704 ("'[S]ubstantial evidence' is evidence that is 'enough to support a reasonable inference that the proffered reason is false . . . .'" (quoting *Auguster v. Vermilion Par. Sch. Bd.*, 249 F.3d 400, 403 (5th Cir. 2001)).

Of course, "[i]n the context of a summary judgment proceeding, the question is not whether the plaintiff *proves* pretext, but rather whether the plaintiff raises a genuine issue [dispute] of fact regarding pretext." *Caldwell v. KHOU-TV*, 850 F.3d 237, 242 (5th Cir. 2017) (emphasis added) (quoting *Thornbrough v. Columbus and Greenville R.R. Co.,* 760 F.2d 633, 646 (5th Cir. 1985), *abrogated in part on other grounds by St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993)); *see also Hager*, 102 F.4th at 704 ("Put in terms closer to the summary[-] judgment standard, the plaintiff must offer sufficient evidence to create a genuine issue [dispute] of material fact vis-à-vis the defendant's proffered reason." (internal quotation marks and citation omitted)).[5] If a reasonable jury could return a verdict in favor of plaintiff (based on the evidence presented), the dispute is genuine. *Abdallah*, 83 F.4th at 1018.

_____

[5] *See* FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). In 2010, the word "issue" was replaced with "dispute." *See* Advisory Committee Notes regarding 2010 Amendment to Rule 56 ("Subdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word—genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination.").

In *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000), the Supreme Court confirmed that plaintiff *may* establish pretext through evidence of disparate treatment or, in some instances, by showing the defendant's proffered explanation is false or unworthy of credence. Since *Reeves*, this court's jurisprudence has acknowledged and reiterated that point. *See*, *e.g.*, *Watkins*, 997 F.3d at 283; *Laxton*, 333 F.3d at 578; *see also Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 826 (5th Cir. 2022).

### III.

We have carefully considered the parties' competing submissions, the record, and applicable law. On the record before us, we agree with the district court's summary-judgment determination that AFNB is entitled to a judgment of dismissal as a matter of law.

As the district court concluded, the Browns ultimately received the services that they sought, i.e., they opened an AFNB personal banking account on November 4, 2022. And when supervisory and managerial personnel became aware of the offensive race-related remarks that branch personnel reportedly made to the Brown, on October 21, 2022,[6] remedial measures were promptly taken.

Of course, we recognize that an actionable § 1981 claim may be established where discriminatory motives have caused additional requirements or conditions, including excessive delay, to be imposed on the standard/usual terms or benefits of a contract. *See, e.g., Hager*, 102 F.4th at

---

[6] Mrs. Chan, an AFNB employee handling new account applications, reportedly began her encounter with the Browns by asking them if they were in the "wrong place" and ended it by telling them: "We don't do business with black people. This is an Asian bank. Find another bank." Even so, the Browns do not assert that Mrs. Chan immediately declined to consider their account request. Rather, she obtained the identifying information from the Browns necessary to obtain a personal banking history report.

699–700 (addressing discriminatory seating policy at restaurant); *Arguello v. Conoco, Inc.*, 330 F.3d 355, 361 (5th Cir. 2003) (referencing discriminatory pre-payment or check-writing policies); *see also Craig v. US Bancorp*, No. 03-1680, 2004 WL 817149, at *3 (D. Or. Apr. 14, 2004) (discussing businesses who required the plaintiff to do something extra in order to receive the same service as other customers, such as changing clothes prior to entry, prepaying for food, showing identification to enter a store, and enduring excessive wait times and fraud investigation prior to check-cashing). The same rule applies where "a party to a contract decides to invoke a discretionary term of the contract for discriminatory reasons." *Abdallah*, 83 F.4th at 1015; *id.* at 1018 ("[I]f a but-for cause of the [the defendant's] decision to cancel [the plaintiffs'] flight was discrimination on the basis of protected class, then [] plaintiffs have made out a claim under § 1981 . . . .").

But here AFNB maintains that, notwithstanding its branch personnel's race-related comments, the Browns' request to open a personal checking account initially was denied (on October 21, 2022) because of their negative banking history report—revealing delinquent accounts closed for "account abuse"—*not* the Browns' race. And, again, the pertinent inquiry is "whether the outcome would be different but for the protected class[.]" *Abdallah*, 83 F.4th at 1015. As the district court concluded, the Browns failed to put forth evidence sufficient to create a genuine dispute of material fact vis-à-vis the truthfulness of AFNB's proffered explanation. Specifically, the Browns did not put forth Rule 56 evidence—e.g., deposition testimony from bank personnel, AFNB's policy manuals, or other AFNB banking records—based upon which a reasonably jury could conclude that an Asian or Asian American customer with the same banking history as the Browns *would* have been permitted to open a personal banking account at AFNB's Katy, Texas branch on October 21, 2022.

9

No. 25-20062

## IV.

For the foregoing reasons, the judgment of the district court is AFFIRMED.